UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH O. FRANCIS,

    Plaintiff,

v.

J.C. PENNEY CORPORATION, INC.;
UNIVERSAL DEBT SOLUTIONS, INC.; A
GEORGIA CORPORATION; AND P.N.
FINANCIAL, INC., AN ILLINOIS
CORPORATION,

    Defendants.

Case No. C09-5061 FDB

ORDER OF DEFAULT

This matter comes before the Court on Plaintiff's motion for Order of Default and Default Judgment against Defendants Universal Debt Solutions, Inc., and P.N. Financial, Inc. The Court, having reviewed the motion and the record herein, finds that Plaintiff is entitled to entry of default. Plaintiff's motion for default judgment is premature and thus, denied.

**Introduction and Background**

Plaintiff has provided documentation that Defendant Universal Debt Solutions, Inc. was served with summons and complaint in this action through its registered agent on March 4, 2009. Defendant P.N. Financial, Inc. was served with summons and complaint through its registered agent

ORDER - 1

on March 27, 2009.  Since that time, no answer or other pleading has been filed by Defendants, nor has there been entered a notice of appearance.

## Default and Default Judgment

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).  Put another way, "an entry of default is a prerequisite to a default judgment under Rule 55(b)." <u>Lee v. Bhd. of Maint. of Way Employees</u>, 139 F.R.D. 376, 380 (D. Minn. 1991).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true.  <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987). Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." <u>Warner Bros. Entm't Inc. v. Caridi</u>, 346 F. Supp.2d 1068, 1071 (C.D. Cal. 2004). Instead, whether a court will grant a default judgment is in the court's discretion. <u>Id</u>.

Here, Plaintiff did not seek entry of default pursuant to Rule 55(a) prior to filing the motion for entry of default judgment pursuant to Rule 55(b).  A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.  An entry of default is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a).  After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment. <u>New York Life Ins. Co. v. Brown</u>, 84 F.3d 137, 141 (5th Cir. 1996).

Although Plaintiff is entitled to an order of default,  Plaintiffs's motion for default judgment is premature.

ORDER - 2

1     ACCORDINGLY:

2     IT IS ORDERED:

3     (1)     Pursuant to Fed. R. Civ. P. 55(a), an order of **DEFAULT** is hereby entered against

4            Defendants Universal Debt Solutions, Inc., and P.N. Financial, Inc.

5     (2)     Plaintiff's motion for entry of default judgment will not be placed on the court's

6            motion calendar and the motion is **DENIED** without prejudice to the filing of a new

7            motion that complies with the requirements of Federal Rule of Civil Procedure 55(b).

8     DATED this 6th day of November, 2009.

           _____
           FRANKLIN D. BURGESS
           UNITED STATES DISTRICT JUDGE

ORDER - 3