# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH O. FRANCIS<br><br>Plaintiff<br><br>vs.<br><br>J.C. PENNEY CORPORATION, INC.;<br>UNIVERSAL DEBT SOLUTIONS, INC.,<br>A GEORGIA CORPORATION; AND P.N.<br>FINANCIAL, INC., AN ILLINOIS<br>CORPORATION,<br><br>Defendants. | No. C09-5061-FDB<br><br>DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's application for default judgment. Having reviewed the papers submitted by the Plaintiff and previously entered an order of default, the Court grants the motion for default judgment.

## Introduction and Background

On February 4, 2009, Plaintiff Keith O. Francis filed a complaint against the defendants asserting (1) violations of the Federal Fair Debt Collection Practices Act, 15 USC § 1692; (2) violations of the Washington State Collection Agency Act (CAA), RCW

19.16, et seq.; (3) violations of the Washington State Consumer Protection Act, RCW 19.18, et seq.; and (4) violations of the Fair Credit Reporting Act, 15 USC § 1681, et seq.

Plaintiff settled his claims against Defendant J.C. Penney Corporation and a Stipulation and Order of Dismissal of Defendant J.C. Penney Corporation was entered.

Defendant Universal Debt Solutions Inc. (UDS) was served with a summons and the complaint through its registered agent on March 4, 2009. UDS has failed to answer Plaintiff's complaint or otherwise appear in this action.

Defendant P.N. Financial. Inc. (PNF) was served with a summons and the complaint through its registered agent on March 27, 2009. PNF has failed to answer Plaintiff's complaint or otherwise appear in this action.

On February 4, 2010, the Court entered an Order of Default against Defendants UDS and PNF. Plaintiff moved for default judgment. Defendants have not opposed this motion.

**Legal Standard for Default Judgment**

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman</u>

Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment include the nature and extent of the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, Id.; the sufficiency of the allegations in the complaint to support judgment, Alan Neuman Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a dispute concerning material facts, Id.; whether the default was due to excusable neglect, Id.; and, the strong policy underlying the Federal Rules of Civil Procedure that favors decisions on the merits, Id.

The Court finds that the service here satisfies Fed. R. Civ. P. § 4(e), and that Defendants were both properly served with process. Defendants did not respond to the complaint.

Upon default, the well pleaded allegations of the complaint relating to liability are taken as true. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

Thus, at the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted. The exception to this rule involves allegations relating to the amount of damages, for which evidentiary support must be

provided. Damages on default may be established via an evidentiary hearing, declarations or affidavits, an accounting, or reference to a master or magistrate judge. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

**Statutory Damages**

Plaintiff alleges that Defendants UDS and PNF made false representations regarding the character, amount, or legal status of an account UDS and PNF attempted to collect from Plaintiff in violation of 15 USC § I692e(2)(A). Pursuant to 15 USC § 1692k(a)(2)(A), any single violation of 15 USC § 1692e(2)(A) carries a maximum statutory penalty of $1,000. Therefore, Plaintiff is entitled to an award of damages against UDS in the amount of $1,000. and against PNF in the amount of $1,000 for violation of I5 USC § 1692e(2)(A). Pursuant to 15 USC § I692k(a)(3), Plaintiff can recover attorney fees and costs against both PNF and UDS.

Both Defendants UDS and PNF attempted to collect an alleged debt in the State of Washington. Neither UDS nor PNF are registered or licensed as out-of-state collection agencies operating within the State of Washington, as required by RCW 19.16.110. Neither UDS nor PNF are licensed to do business within the State of Washington, in violation of RCW 19.16.120(2). Neither UDS nor PNF have filed applications, or paid requisite fees and surety bonds for registration as a collection agency within the State of Washington, in violation of RCW

19.16.120(2) and (3).  Pursuant to RCW 19.16.430, violation of RCW 19.16.110 carries a maximum statutory penalty of $500.  Therefore, judgment against PNF in the amount of $500, and judgment against UDS in the amount of $500 is appropriate.

Pursuant to RCW 19.16.440, violation of RCW 19.16.110 qualifies as an unfair and deceptive trade practice occurring in trade or commerce, under the Washington Consumer Protection Act.  RCW 19.86. et seq.  Violation of the Washington State Consumer Protection Act results in treble damages, not to exceed $25,000, in addition to attorney fees and costs.  Therefore, pursuant to RCW 19.86.090, it is appropriate to award Plaintiff treble damages (statutory penalties) not to exceed $25,000, in addition to attorney fees and costs against both PNF and UDS, individually.

Plaintiff alleged that both Defendants UDS and PNF willfully reported an invalid debt affecting Plaintiff's credit rating with the major national credit bureaus, after having been informed that the alleged debt was invalid and having received sufficient proof that the alleged debt had been paid.  Therefore, a statutory penalty in the amount of $1,000 is appropriate against both PNF and UDS, individually, pursuant to 15 USC § 1681n(a)(1)(A).  In addition, Plaintiff is entitled to punitive damages in the amount of $1,000 against both PNF and UDS, individually, pursuant to 15 USC § 1681n(a)(2).

**Attorney Fees and Costs**

Plaintiff requests costs and attorney's fees. Both the Federal Fair Debt Collection Practices Act, 15 USC § 1692k(a)(3), and the Washington State Consumer Protection Act, RCW 19.86.090, provide for an award of attorneys fees and costs. In a declaration filed with the Court, counsel for Plaintiff has documented an expenditure of $6,750 in attorney's fees and costs. The Court finds that such an award is justified.

**Order**

For the foregoing reasons, Plaintiff's Motion for Default Judgment [Dkt. # 19] is **GRANTED**. Judgment is entered as follows:

**AGAINST Universal Debt Solutions, Inc., a Georgia Corporation (UDS):**

Judgment is hereby entered against Defendant UDS, its successors and assigns, in the amount of EIGHTEEN THOUSAND SIX HUNDRED THIRTY-FIVE DOLLARS ($18,635.00), itemized as follows:

(A) $1,000 statutory damages pursuant to 15 USC § 1692k.

(B) $1,000 statutory damages pursuant to 15 USC § 1681n.

(C) $1,000 punitive damages pursuant to 15 USC § 1681n.

(D) $500 statutory damages pursuant to RCW 19.16.430.

(E) Treble damages ($10,500) pursuant to RCW 19.86.090.

(F) One half of attorney fees and costs expended by Plaintiff: $3,375.

(G) Prejudgment interest on damages at 12% per annum ($1,260.00).

This Judgment against UDS shall bear 12% interest per annum until paid in full.

**AGAINST P.N. Financial, Inc., an Illinois Corporation (PNF):**

Judgment is hereby entered against Defendant PNF, its successors and assigns, in the amount of EIGHTEEN THOUSAND SIX HUNDRED THIRTY-FIVE DOLLARS ($18,635.00), itemized as follows:

(A) $1,000 statutory damages pursuant to 15 USC § 1692k.

(B) $1,000 statutory damages pursuant to 15 USC § 1681n.

(C) $1,000 punitive damages pursuant to 15 USC § 1681n.

(D) $500 statutory damages pursuant to RCW 19.16.430.

(E) Treble damages ($10,500) pursuant to RCW 19.86.090.

(F) One half of Attorney fees and costs expended by Plaintiff: $3,375.

(G) Prejudgment interest on damages at 12% per annum ($1,260.00).

This Judgment against PNF shall bear 12% interest per annum until paid in full.

ENTERED this 24th day of February, 2010.

*[signature]*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE